Thomas F. English, Jr., Esq. Village Attorney, Elmsford
You have asked whether a person holding over in the position of building inspector continues to do so upon the mayor's appointment and the board of trustees' confirmation of a person as the deputy building inspector.
You have informed us that the building inspector's term expired and that there was a failure to reappoint the incumbent or appoint a successor. Under section 5 of the Public Officers Law that individual has been holding over in office. Section 5 provides that every officer, with exceptions not relevant here, "having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified".
Sometime during this hold-over period, the mayor appointed and the board of trustees confirmed a person to serve as deputy building inspector, a position separate and distinct from building inspector. Your question is whether upon the confirmation of the deputy, he would perform the powers and duties of the building inspector under section 9 of the Public Officers Law, thus supplanting the hold-over. Under section 9, the deputy is to "possess the powers and perform the duties of his principal during the absence or inability to act of his principal, or during a vacancy in his principal's office". In our view, the individual holding over in the position of building inspector continues to do so under section 5 of the Public Officers Law. The position of building inspector is not vacant, as the incumbent continues to hold over until his successor is chosen and has qualified (Public Officers Law, §5). His "successor" is the person duly appointed to the position of building inspector. We note that section 5 provides that the office is deemed vacant for purposes of choosing a successor. In our view, this means that a successor may be chosen at any time during the hold-over period. We believe that section 9 of the Public Officers Law contemplates that a deputy will assume his principal's duties if a vacancy occurs by reason of absence, death, resignation, etc. In the case of a hold-over situation, however, the position is not vacant since the incumbent continues to serve under the authority of section 5
of the Public Officers Law.
We have reviewed the cases referred to in your letter and find that they are consistent with our opinion. They deal in one case with the appointment of an acting commissioner, and in the other with a provisional appointment, both construed by the courts to constitute the appointment of a successor within the meaning of section 5 of the Public Officers Law (Fiorella v Glenzer, 126 A.D.2d 937 [4th Dept, 1987]; Ewellv Robson, 278 N.Y. 585 [1938]).
We conclude that upon the failure to appoint a village building inspector, the incumbent holds over and continues to exercise the duties of his office until a successor is chosen and has qualified. The deputy building inspector does not assume the duties of the building inspector.